IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARIS HUNT, on behalf of herself and all other similarly situated employees,<br>25551 N. Lakeland Blvd, #106<br>Euclid, OH  44132<br><br>    Plaintiff,<br><br>    v.<br><br>RENAISSANCE HOME HEALTH CARE<br>c/o Its Registered Agent<br>Patricia Eady<br>5311 Northfield Rd, #212<br>Bedford Heights, OH  44146<br><br>    and<br><br>PATRICIA EADY<br>5311 Northfield Rd, #212<br>Bedford Heights, OH  44146<br><br>    and<br><br>JOHN DOE(S)<br>Unknown Principal of Renaissance Home Health Care<br>5311 Northfield Rd, #212<br>Bedford Heights, OH  44146<br><br>    Defendants | CASE:<br><br>JUDGE:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff Aris Hunt ("Plaintiff"), individually and on behalf of all others similarly situated (the "FLSA Collective"), and on behalf of the members of the proposed Rule 23 Class ("the Putative Class") (collectively "similarly-situated STNAs"), by and through her attorneys, brings this action against Renaissance Home Health Care, Patricia Eady and John Doe ("Defendants") for damages and other relief relating to violations of the Fair Labor Standards Act (FLSA), 29

1

U.S.C. § 201, *et seq.*, and the Ohio Minimum Wage Standards Act (OMFWSA), R.C. § 4111.01, *et seq.*  Plaintiff alleges the following claims against Defendants:

## PRELIMINARY STATEMENT

1. Defendants engaged in illegal pay practices.

2. Defendants regularly failed to compensate Plaintiff and similarly-situated nurses properly for all overtime hours worked in violation of both the FLSA and the OMFWSA

3. Defendants' pay violations described below amount to a willful pattern, policy, and practice of unlawful conduct.

4. In light of these systematic and illegal practices, Plaintiff asserts claims on behalf of herself and similarly-situated State-Tested Nursing Assistants ("STNAs"), Certified Nursing Assistants ("CNAs"), and Home Health Aids, who work or worked for Defendants at any time from three years prior to the filing of this Complaint. Plaintiff seeks to represent both an FLSA collective and a Rule 23 Putative Class in prosecuting these claims.

## PARTIES

**A.  Plaintiff**

5. Plaintiff is an adult resident of the State of Ohio.

6. Plaintiff is a State-Tested Nursing Assistant ("STNA").

7. Plaintiff was employed by Defendant from approximately April 9, 2009 to July 29, 2016 as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the OMFWSA, including R.C. 4111.03.

8. Plaintiff worked for Defendant as an STNA, performing in-home care duties, from approximately April 9, 2009 until July, 29, 2016.

9. Plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Ex. 1. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

**B. Defendants**

10. Defendant Renaissance Home Health Care is a domestic corporation with its principal place of business in Bedford Heights, Ohio.

11. According to its website, Renaissance provides "a wide range of health and recovery services including therapies, medication assistance, and other helpful procedures."

12. Renaissance's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

13. Upon information and belief, the number of staff employed at Renaissance is approximately 300 people.

14. Defendant Patricia Eady, is a principal of Renaissance.

15. John Doe is another principal of Renaissance.

16. Defendants employed Plaintiff and similarly-situated nurses as defined by the FLSA, 29 U.S.C. § 203(d), (g), and the OMFWSA, including R.C. §§ 4111.01, R.C. 4111.02, and R.C. § 4111.03.

## JURISDICTION AND VENUE

17. This action arises under the FLSA, 29 U.S.C. § 201, et seq.  The Court  has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

18. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

19. Venue is proper in the United States District Court, Northern District of Ohio, pursuant to 28 U.S.C. § 1391, because both the Plaintiff and Defendants reside in this District and because a majority of the events giving rise to the claims occurred in this District.

**FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS**

20. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

21. Plaintiff and similarly-situated staff, including STNAs, work or worked for Defendants during the past three years.

22. These STNAs and similar staff were compensated at two pay rates, one for Medicare, $8.00 per hour (later raised to $8.50 per hour), and other for non-Medicare, $9.00 per hour.

23. During that time, Renaissance refused to pay overtime for hours worked in excess of 40 hours.

24. For example, during the workweek ending December 22, 2013, Ms. Hunt worked a total of 42 hours (38 hours at the non-Medicare rate of $9.00 per hour and 4 hours at the Medicare rate of $8.00 per hour.) *See* Ex. 3, Paystubs for Class Period, p. 1.

25. She was short paid in the following manner, because she had 2 hours of overtime:

| Week Ending December 22, 2013 | | | | | | | |
|---|---|---|---|---|---|---|---|
| INCORRECT Pay Calculation | | | | CORRECT Pay Calculation | | | |
| Type | Hrs | Rate | Amt Paid | Hrs | Rate | OT (1.5 X) | Amt Paid |
| Hourly | 38 | 9.00 | $342.00 | 38 | 9.00 | | $342.00 |
| Medicare | 4 | 8.00 | $ 32.00 | 2 | 8.00 | | $ 16.00 |
| Overtime | | | | $2^1$ | $8.90^2$ | **$13.35** | **$ 26.70** |
| Total | | | $ 374.00 | | | | **$ 384.70** |

26. Thus, Ms. Hunt was shorted at least $10.70 for this pay period.

27. In another example, during the workweek that ended March 30, 2014, Ms. Hunt worked a total of 46 hours (38 hours at the non-Medicare rate of $9.00 per hour and 8 hours at

---

[1] Plaintiff does not possess the records which indicate whether the hours worked over 40 hours a week, were Non-Medicare or Medicare hours, which are billed at different rates.
[2] Since this is Plaintiff's first pay period in the applicable period, the average will be determined by adding the total paid divided by the number of hours worked during this pay period.

the Medicare rate of $8.00 per hour.) *See* Ex. 3, Paystubs for Class Period, p. 20.

28. Ms. Hunt was short paid in the following manner, because she has 6 hours' overtime:

| **INCORRECT** Pay Calculation | | | | **CORRECT** Pay Calculation | | | |
|---|---|---|---|---|---|---|---|
| Type | Hrs | Rate | Amt Paid | Hrs | Rate | OT (1.5 X) | Amt Paid |
| Hourly | 38 | 9.00 | $342.00 | 38 | 9.00 | | $342.00 |
| Medicare | 8 | 8.50 | $ 68.00 | 2 | 8.50 | | $ 17.00 |
| Overtime | | | | 6 | 8.95[3] | **$13.43** | **$ 80.58** |
| Total | 46 | | $ 410.00 | 46 | | | **$ 439.58** |

29. Thus, Ms. Hunt was shorted at least $29.58 for this pay period.

30. As time progressed, Ms. Hunt was asked to work many more hours of overtime.

31. During the week that ended January 11, 2015, Ms. Hunt worked a total of 57 hours (53 hours at the non-Medicare rate of $9.00 per hour and 4 hours at the Medicare rate of $8.50 per hour.) *See* Ex. 3, Paystubs for Class Period, p. 87.

32. She was short paid in the following manner, because she has 6 hours overtime:

| **INCORRECT** Pay Calculation | | | | **CORRECT** Pay Calculation | | | |
|---|---|---|---|---|---|---|---|
| Type | Hrs | Rate | Amt Paid | Hrs | Rate | OT (1.5 X) | Amt Paid |
| Hourly | 53 | 9.00 | $477.00 | 40 | 9.00 | | $ 360.00 |
| Medicare | 4 | 8.50 | $ 34.00 | | | | |
| Overtime | | | | 17 | 8.95 | **$13.43** | **$ 228.31** |
| Total | 57 | | $ 511.00 | 57 | | | **$ 588.31** |

33. Thus, Ms. Hunt was shorted at least $77.31 for this pay period

34. Plaintiff's long-term client died on April 28, 2016, and from that point on Ms. Hunt

---

[3] The rate for Medicare hours increased to $8.50 on or about 3/3/14. The weighted average was arrived at by adding the total amounts paid to Ms. Hunt (both Non-Medicare and Medicare) during the class period, divided by the total hours worked. The weighted average is $8.95. Discovery of Renaissance's records will provide the actual numbers to be used at trial. *See* Ex. 2, Spreadsheet of Hours Worked/Wages Paid.

worked far fewer hours, so no overtime hours were worked from that date until the date of her departure from Renaissance, July 29, 2016.

35. From December 9, 2013 until April 28, 2015, Ms. Hunt worked 1,223 hours of overtime for which she was not paid time and a half. *See* Ex. 2, Spreadsheet of Payments. **This amounts to approximately $6,019.53 that she was short paid.**

36. Defendants were aware, or should have been aware, of their unlawful payment practices and recklessly chose to disregard the consequences of their actions.

37. Defendant had previously paid overtime, but at some point had discontinued doing so.

38. Ms. Hunt complained regularly to the Office Manager Mickie Massey and to Anthony Eady (son of principal Patricia Eady), Client Relations, about the lack of overtime pay. They both claimed that could not afford to pay overtime and to do so would put them out of business.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

40. Plaintiff brings Count I below individually and on behalf of all individuals similarly situated, specifically:

> All persons who work(ed) as STNAs or in positions with similar titles or duties for Defendants at any time in the last three years prior to the filing of this Complaint (the proposed "FLSA Collective")

41. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendant's records.

42. Plaintiff and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have caused significant damage to Plaintiff and the FLSA Collective.

43. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

## RULE 23 CLASS ACTION ALLEGATIONS

44. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

45. Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b), Plaintiff brings Count II of this Complaint on behalf of herself and the following persons:

> All persons who work(ed) as STNAs, or in positions with similar titles or duties for Defendants at any time in the last three years prior to the filing of this Complaint (the "Putative Class")

46. The persons in the Putative Class are so numerous that joinder of all members of the Putative Class is impracticable. While the precise number of class members has not been determined at this time, Defendants have employed more than three hundred (300) individuals in positions with similar titles or duties during the statute of limitations period.

47. Plaintiff and the Putative Class have been equally affected by Defendants' violations of law.

48. There are questions of law and fact common to the Putative Class that predominate over any questions affecting individual members of the Putative Class, including but not limited to the following:

   a. Whether Defendants violated Federal law for failure to pay all overtime wages at one-and-one-half times the regular rate of pay for each hour worked over forty hours during a workweek;

   b. Whether Defendants violated Ohio law for failure to pay all overtime wages at one-and-one-half times the regular rate of pay for each hour worked over forty hours during a workweek;

   c. The proper measure and calculation of damages; and

   d. Whether Defendants' actions were willful or in good faith.

7

49. Plaintiff's claims are typical of those of the members of the Putative Class.

50. They have been subject to Defendants' practices and policies described in this Complaint. Further, Plaintiff's job duties are typical of the Putative Class, as all class members performed in-home care duties for the elderly or infirmed.

51. Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex wage and hour class and collective action litigation to prosecute her claims.

52. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy. Individual plaintiffs often lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants to recover lost wages. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

53. Plaintiff intends to move for certification of the Putative Class as soon as practical under Federal Rule of Civil Procedure 23.

## COUNT I
### FEDERAL OVERTIME
**(Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**
*On Behalf of Plaintiff and the FLSA Collective*

54. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

55. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

56. Defendant Renaissance is an "enterprise" as defined by the FLSA, 29 U.S.C. § 2063(r)(1), and are engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

57. Plaintiff and the FLSA Collective qualified as non-exempt covered employees during the relevant time period. 29 U.S.C. § 203(e)(1).

58. Plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate Plaintiff and the FLSA Collective for all of their overtime hours as required by the FLSA.

59. Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

60. Defendants knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

61. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

62. As a direct and proximate result of these unlawful practices, Plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## STATE OVERTIME
**(Ohio Minimum Fair Wage Standards Act (OMFWSA), R.C. § 4111.01,** *et seq)*
*On Behalf of Plaintiff and the Putative Class*

63. Plaintiff incorporates the above paragraphs by reference as if fully set forth herein.

64. The OMFWSA requires employers to pay their employees for all hours worked in excess of forty (40) hours in an individual workweek at a rate no less than one and one-half times their regular hourly rate of pay.  R.C. § 4111.03.

65. Plaintiff and the Putative Class qualified as Defendants' employees within during the relevant time period the meaning of the OMFWSA, R.C. 4111.14.

66. Plaintiff and the Putative Class regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate Plaintiff and the Putative Class for all of their overtime hours as required by the OMFWSA.

67. As a direct and proximate result of these unlawful practices, Plaintiff and the Putative Class suffered and continue to suffer wage loss and are therefore entitled to recover unpaid back wages for up to two years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

68. **WHEREFORE**, Plaintiff, individually and on behalf of the proposed  FLSA Collective, prays for relief as follows:

   a. A finding that Plaintiff and the FLSA Collective are similarly situated;

   b. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

   c. Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

    d. Judgment against Defendants for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

    e. A finding that Defendants' violations of the FLSA are willful;

    f. An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

    g. All costs and attorneys' fees incurred prosecuting this claim;

    h. An award of any pre- and post-judgment interest;

    i. Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

    j. All further relief as the Court deems just and equitable.

69. **WHEREFORE**, Plaintiff individually and on behalf of the Putative Class, prays for relief as follows:

    a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

    b. Appointment of Plaintiff as a class representative and her counsel as class counsel;

    c. Judgment that Defendants' conduct as described herein be determined and adjudicated to be in violation of the OMFWSA;

    d. Judgment against Defendants for an amount equal to Plaintiff's and the Putative Class's unpaid wages;

    e. An amount equal to Plaintiff's and the Putative Class's damages as liquidated damages;

    f. All costs and attorneys' fees incurred prosecuting this claim;

    g. An award of any pre- and post-judgment interest; and

    h. All further relief as the Court deems just and equitable.

Respectfully submitted,


*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Frederick & Berler LLC
767 E. 185th Street
Cleveland, OH 44119
Telephone: (216) 502-1055
Facsimile: (216) 566-9400
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
*Attorneys for Ms. Hunt*

Case: 1:16-cv-03012-DCN  Doc #: 1  Filed:  12/16/16  12 of 12.  PageID #: 12