IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARNHILL AND HUNT, | ) | CASE NO. 1:16 CV 3012 |
| | ) | 1:17 CV 0815 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| RENAISSANCE HOME HEALTH CARE, | ) | |
| INC., *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendants Renaissance Home Health Care Inc. ("Renaissance") and Patricia Eady's ("Ms. Eady") Motion for Relief from Judgment. The Defendants seek relief from a Default Judgment in the amount of $233,650.26, which resolved both Case No. 1:16 CV 3012 and 1:17 CV 815. (ECF #59 (16 CV 3012); ECF #53 (17 CV 815)). Defendants bring their motion under Fed. R. Civ. Pro. 60(b)(1) and 60(b)(6). (ECF # 54 (17CV 815)). Having reviewed the arguments and evidence submitted by both parties, as well as the applicable law, the Court finds that Defendants' motion should be DENIED.

## PROCEDURAL HISTORY

The Complaints in this case were filed on December 12, 2016 and April 17, 2017. Summons were served to all Defendants at the following address: 5311 Northfield Rd., #212, Bedford Heights, OH 44146. Ms. Eady is identified as the statutory agent for Renaissance, and she signed the certified mail receipts for all three summons in Case No. 16 CV 3012. Mickie Gatson signed the receipt for Renaissance's summons in Case No. 17 CV 815. Renaissance and Ms. Eady filed Answers to their respective Complaints. The Defendants were both represented by the same counsel until March of 2018 when counsel was permitted to withdraw. Part of the reason for counsel's withdrawal was that the Defendants had not been responding to telephone calls, emails, or texts from counsel. Evidence submitted by the Plaintiffs shows that the withdrawn counsel provided Renaissance with a copy of its motion to withdraw prior to filing it, and, on March 29, 2018, mailed to Defendant Renaissance, by regular and certified mail, a copy of the Court's minutes showing that counsel had withdrawn, setting a new status date, and informing the Defendants that they needed to obtain counsel and appear at the next status. Mickie Gatson signed the certified mail receipt on behalf of Renaissance. (ECF # 55, Ex. 1 (17 CV 815)). There is no evidence that a separate copy was sent directly to Ms. Eady. Defendants did not appear at the next status.

Following Defendants' failure to appear at the April status conference, Plaintiffs filed an application for Entry of Default, and the Clerk of Courts entered default dated May 29, 2018. (ECF # 53, 53 (16 CV 3012); ECF #47, 48 (17 CV 815)). Plaintiffs then filed a Motion for Default Judgment, along with a Notice of Proof of Service of Motion for Default Judgment on Defendants. (ECF #56, 57(16 CV 3012); ECF #50, 51 (17 CV 815)). The Notice of Service

included receipts for certified mail delivery to each Defendant. All of the receipts were signed by Mickie Gatson, and received at the same address that had been used for the Complaint summons. The Court sent a copy of a Notice of rescheduled Default Hearing to Renaissance, in care of Patricia Eady as the statutory agent. There is no indication that a separate notice was sent to Ms. Eady in her individual capacity. No Defendants appeared at the hearing. This Court granted a default judgment against the Defendants on August 8, 2018 for their willful failure to abide by the Court's discovery orders, for failure to participate in the proceedings, and, in the case of Renaissance, for failure to obtain and appear by counsel. (ECF #59 (16 CV 3012); ECF #53 (17 CV 815)). On August 10, 2018, a copy of the Order grant the Motion for default judgment was mailed either to Renaissance, in care of Ms. Eady as the statutory agent (see, ECF entry dated 8/10/18, Case No. 17 CV 815), or separately to Renaissance and Ms. Eady (individually) (see, ECF entry dated 8/10/18, Case No. 16 CV 3012). Over eight months later, Defendants filed their Motion to set aside the default judgment.

## ANALYSIS

A Rule 60(b) motion may be granted for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. Pro.. 60(b). In this case

Defendants rely on grounds (1) and (6), claiming that they were not aware that their counsel had withdrawn, were not aware of the motion for default, and did not appreciate the fact they were required to appear and address these issues as they arose. Defendants have offered no evidence to support their claims. The only support provided for the claim that the Defendants were unaware of their obligation to participate in the case is the unsigned Declaration of Patricia Eady, stating that she was "unaware of and did not appreciate the significance of" the relevant filings, and alleging that she "did not personally receive service of the Marginal Entry Order filed March 19, 2018, the Motion for Default Judgment filed July 31, 2018, or the Order granting Default Judgment filed August 8, 2018." (ECF #54, Attach. 1 (17 CV 815)). This unsigned declaration has no evidentiary value. *See, e.g., Wiingz & Thingz 1 v. Penn-Star Ins. Co.,* 5;47 F. App'x 766, 767 (6th Cir. 2013); *Sfakianos v. Shelby Cnty. Gov't*, 481 F. App'x 244, 245 (6th Cir. 2012)(affirming district court judgment discarding unsigned, unsworn affidavits and denying plaintiff's post-judgment attempt to cure these deficiencies); see also, 28 U.S.C. § 1746.

Plaintiffs, however, have submitted evidence that shows Renaissance had notice of its counsel's withdrawal; the Court's order requiring it to obtain new counsel; the date of the missed April status conference; the filing of the motion for default judgment; and, the date of the default hearing. Despite having notice of all of these events, Renaissance failed to appear in any fashion from March 19, 2018, when its original counsel withdrew until April 24, 2019, more than eight months after the default judgment entry had been entered. There is no contradictory evidence to support Renaissance's claim that it was unaware of the proceedings.

Plaintiffs also provided evidence to show that they sent Notice of Proof of Service of Motion for Default Judgment to Ms. Eady by certified mail, and that it was accepted on her

-4-

behalf by Mickie Gatson. (ECF #56, 57(16 CV 3012); ECF #50, 51 (17 CV 815)). Further, the Court's docket shows that the notices of the Default Hearing and the Default Judgment that were sent to Renaissance were addressed to Renaissance in care of Patricia Eady as the statutory agent for the company. Ms. Eady has provided no actual evidence that would support the contention that she was unaware of the relevant proceedings, either directly or through her connection to Renaissance.

Therefore, Defendants have not provided any evidence of mistake, excusable neglect, or any other circumstance that would satisfy the requirements of 60(b)(6) or otherwise justify relief from the default judgment. The evidence that was presented shows that Defendants either were, or should have been aware, of the proceedings, and that they consciously chose not to participate in any further defense of the case following the withdrawal of their original counsel. The Default Judgment against the Defendants in the amount of $233,650.26 was proper and it shall stand. (ECF #59 (16 CV 3012); ECF #53 (17 CV 815)). IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date: October 21, 2019